RECEIVED
IN ALEXANDRIA, LA
DEC -9 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**IMPORTANT NOTICE**: Courtesy copies of documents you file should **NOT** be provided to any judge. All communications with the court SHALL **ONLY** be through documents filed with the Clerk of Court.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM FRAZIER | CIVIL ACTION NO. 09-1827<br>SECTION P |
| VERSUS | |
| TONY WINGO, et al. | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is the pro se complaint of William Frazier ("Frazier") which was filed on October 22, 2009 (Doc. Item 1). Frazier is currently incarcerated at the United States Penitentiary in Lewisburg, PA. However, at all times relevant to the allegations in his complaint, Frazier was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP Pollock").

Frazier submitted his complaint on a form for a civil rights complaint under 28 U.S.C. §1331 (<u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)). After reviewing the complaint, Frazier's claim was construed as a Federal Torts Claims Act ("FTCA") claim and the undersigned issued a Memorandum Order (Doc. Items 5 and 11) advising that if his FTCA claim was to survive, Frazier would need to amend to name the United States as a defendant.

An amended complaint was filed on June 14, 2010 adding the

5

United States in the caption as a defendant (Doc. Item 12).[1] Accordingly, the undersigned ordered service (Doc. 13). In response, the United States Attorney's Office filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 17). Thereafter, Frazier filed an opposition to the motion (Doc. 19) and defendants filed a reply (Doc. Item 21).

The aforementioned motion, opposition and reply are currently before the undersigned for review, report and recommendation.

## Law and Argument

### Federal Torts Claims Act

Defendants argue that the FTCA claim should be dismissed because: (1) Frazier failed to exhaust and (2) the United States is immune from suit based upon detention of property by a prison official is prohibited. 28 U.S.C. §2680(c). See also, Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008).

The FTCA contains an exhaustion provision whereby, before filing suit, the claim must be properly submitted to the appropriate federal agency and finally determined. 28 U.S.C. 2675(a). The exhaustion requirement of the FTCA is jurisdictional. Frazier in fact submitted an administrative tort claim to the BOP on August 26, 2009 and that claim was received by the BOP on August 31, 2009 (Doc. Item 17-3, p. 6-10). However, Frazier's statement

---

[1] However, the amended complaint did not dismiss Tony Wingo or the Unknown Correctional Officers with the Bureau of Prisons ("BOP").

that the BOP denied the claim is false. Once received, the BOP advised Frazier in writing that it was not accepting the claim (not denying it), because he did not provide an itemized list of the property at issue and, more importantly, because the BOP was immune from liability under the FTCA for claims pertaining to the detention of property by law enforcement officers, including BOP staff." (Doc. Item 17-3, p. 12-13). Thus, if he wished to pursue his claim, he needed to proceed under 31 U.S.C. §3723 and complete form for Small Claims for Property Damage or Loss which they attached. (Doc. Item 17-3, p. 12-13). Despite the fact Frazier was provided the proper form on which to submit his complaint, he never resubmitted the claim. Thus, it was neither considered on the merits nor finally determined.

Finally, the FTCA creates "a limited waiver of sovereign immunity making the United States liable to the same extent as private parties for certain torts of federal employees acting within the scope of their employment." Montoya-Ortiz v. Brown, 154 Fed.Appx. 437, 439-40 (5th Cir. 2005), citing United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); 28 U.S.C. §1346(b). However, 28 U.S.C. §2680(c) provides that "[t]he provisions of the [FTCA] shall not apply to ...any claim arising in respect of...the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer...."

The Fifth Circuit has held that BOP employees are "law

enforcement officer[s]" for the purpose of Section 2680(c). <u>Chapa v. United States Department of Justice</u>, 339 F.3d 388, 390 (5th Cir. 2003). The Fifth Circuit has also determined that when the BOP takes temporary custody of a prisoner's property pending transfer or relocation, that act amounts to a "detention" for purposes of Section 2680. <u>Chapa</u> at 390-391. The Supreme Court subsequently approved the reasoning of <u>Chapa</u> in <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). In <u>Ali</u>, the Supreme Court affirmed the dismissal of a federal prisoner's FTCA claim in which he sought monetary damages for personal property lost during his transfer for lack of subject matter jurisdiction. The Court held that the prisoner's claim was barred by the Section 2680(c) exception. The Court also confirmed that the phrase "any other law enforcement officer" included BOP officers. <u>Ali</u>, 128 S.Ct. at 835-41.

Based on the foregoing, this court lacks subject matter jurisdiction to adjudicate Frazier's lost property claim under the FTCA as Frazier failed to exhaust the administrative process and the United States retains sovereign immunity with regard to a suit for the detention of property.

<u>Civil Rights Claim</u>

As Frazier continues to name Wingo and the unknown correctional officers as defendants, it is apparent that he wishes to pursue a civil rights claim pursuant to <u>Bivens</u>. However, for such a claim to survive, Frazier would need to amend his complaint

to present a properly pled Bivens action. Specifically, his complaint must to set forth what constitutional violations Wingo and the unknown correctional officers committed and whether these violations were committed in their individual or official capacities. Further, Frazier must show that he has in fact exhausted his administrative remedies as exhaustion is mandatory in cases covered by 42 U.S.C. §1997e(a). In fact, exhaustion is even required in cases where the remedy sought (compensatory damages) is not afforded in the prison grievance process.

## Conclusion

IT IS RECOMMENDED that the United States' Motion to Dismiss (17) be GRANTED and Frazier's FTCA claim be DISMISSED with PREJUDICE.

IT IS FURTHER RECOMMENDED that Frazier amend his complaint to properly set forth a civil rights action pursuant to Bivens if he intends to proceed against Wingo and the unknown correctional officers.

IT IS FURTHER RECOMMENDED that Frazier be cautioned that failure to comply with an order to amend may result in dismissal of his action as frivolous under 28 U.S.C. §1915(e)(2)(B) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections with **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 8th day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE