RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/7/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM FRAZIER,<br>      Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:09-CV-01827 |
| VERSUS | |
| TONY WINGO, et al.,<br>      Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a complaint filed pursuant to the Federal Tort Claims Act[1] and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971),[2]

---

[1] To sue successfully under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, a plaintiff must name the United States as the sole defendant. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).

[2] Bivens defendants are federal officials brought into federal court for violating the Federal Constitution. Bivens-type actions may be brought only against federal agents and not federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). Under Bivens, a plaintiff may recover damages for any injuries suffered as a result of federal agents' violations of his constitutional rights. Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997).

on October 22, 2009, and amended on June 14, 2010 (Doc. 12) and on March 7, 2011 (Doc. 28) by plaintiff William Frazier ("Frazier"). The named defendants are Captain Tony Wingo ("Wingo"), a correctional officer employed by the United States Bureau of Prisons ("BOP"), other unknown officers employed by the BOP at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock), and the United States. Frazier contends that, on July 1, 2009, when he was transferred to the SHU,[3] Wingo and the unknown officers confiscated his property (legal documents relevant to pending lawsuits, attorney correspondence, personal photographs, and other miscellaneous personal items) and discarded them. For relief, Frazier asks for monetary damages. Frazier is presently confined in the USP-Lewisburg in Lewisburg, Pennsylvania.

The defendants filed a motion to dismiss the complaint (Doc. 17) which was granted as to Frazier's FTCA claim against the United States (Doc. 26), and Frazier was ordered to amend his complaint alleging his <u>Bivens</u> suit against the individual defendants (Doc. 26). Frazier amended his complaint (Docs. 28, 30) and defendants filed a motion for summary judgment (Doc. 45) accompanied by a statement of undisputed material facts and documentary evidence, in response to which Frazier filed an opposition (Doc. 50).

Defendants' motion for summary judgment (Doc. 45) is now before the court for disposition.

---

[3] Special Housing Unit.

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are "material". A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. <u>Stewart v. Murphy</u>, 174

F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. In this analysis, we review the facts and draw all inferences most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82(1992).

## Law and Analysis

Frazier contends that, on July 1, 2009, his personal property was properly packed and itemized in a list by A-3 Unit Officer Bordelon and sent to the SHU, to which Frazier was being transferred (Doc. 50). Frazier alleges that Captain Wingo intercepted his property and removed and destroyed some of it, including legal documents and personal photographs. Frazier contends that, when his property arrived at the SHU, Bordelon's list showed that several items were missing.

1.

Bivens defendants are federal officials brought into federal

court for violating the Federal Constitution. Martinez v. City of Los Angeles, 141 F.3d 1373, 1383 (9th Cir. 1998). Also, F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 1006 (1994); Whitley v. Hunt, 158 F.3d 882 885 (5th Cir. 1998). The purpose of Bivens is to deter individual federal officers from committing constitutional violations. Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 122 S.Ct. 515 (2001). Therefore, the initial inquiry and threshold concern of the reviewing court is whether Frazier's constitutional rights have been violated. See Parratt v. Taylor, 451 U.S. 527, 107 S.Ct. 1980 (1981).

The property which Frazier was allegedly deprived of can constitute "property" within the meaning of the Due Process Clause of the Fourteenth Amendment, and its loss is worthy of redress, if the loss implicates constitutional rights. Parratt v. Taylor, 451 U.S. 527, 107 S.Ct. 1908 (1981). However, the Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by the States. See Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689 (1979). A constitutional deprivation of property without due process of law, as differentiated from a state tort law claim, must by intentional and plaintiff must allege specific facts which support such a conclusion. The Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property. Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662 (1986). Even

5

in instances where intentional deprivation occurs, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 3204 (1984); Lewis v. Woods, 848 F.2d 649 (5th Cir. 1988); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984).

Frazier's allegations of property loss simply do not state a constitutional claim cognizable under Bivens. Louisiana law provides Frazier the opportunity to seek redress for his loss, whether intentional or negligent. See La.C.C. art. 2315.

Moreover, as defendants point out, Frazier has not exhausted his administrative remedies as to this claim. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, irrespective of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001). The exhaustion requirement of 42 U.S.C. § 1997e applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). Thus, federal prisoners suing under Bivens must first exhaust inmate grievance procedures just as state prisoners

must exhaust administrative processes prior to instituting a § 1983 suit. <u>Porter</u>, 534 U.S. at 524, 122 S.Ct. at 988. Resort to a prison grievance process must precede resort to a court. <u>Porter</u>, 534 U.S. at 529, 122 S.Ct. at 990. See also, <u>Jackson v. Dobre</u>, 2002 WL 31016915, 48 Fed.Appx. 104 (5th Cir. 2002)("futility is no longer an exception to the exhaustion requirement").

The administrative remedy procedures which must be followed by a federal prison inmate are set forth in 28 C.F.R. §§ 542.10, et seq. Those regulations provide for first step of an informal resolution attempt filed with the prison staff, a second step of a formal grievance filed with the warden, and appeals at the third and fourth steps as set forth below in Section 542.15; the third step is an appeal of the warden's decision to the Regional Director, and the fourth step is an appeal of the Regional Director's decision to the General Counsel.

> § 542.15 Appeals.
> (a) Submission. An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.
> (b) Form.
> (1) Appeals to the Regional Director shall be submitted on the form designed for regional Appeals (BP-10) and accompanied by one complete copy or duplicate original of

the institution Request and response. Appeals to the General Counsel shall be submitted on the form designed for Central Office Appeals (BP- 11) and accompanied by one complete copy or duplicate original of the institution and regional filings and their responses. Appeals shall state specifically the reason for appeal.
(2) An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal.
(3) An inmate shall complete the appropriate form with all requested identifying information and shall state the reasons for the Appeal in the space provided on the form. If more space is needed, the inmate may use up to one letter-size (8 ½ " x 11") continuation page. The inmate shall provide two additional copies of any continuation page and exhibits with the regional Appeal, and three additional copies with an Appeal to the Central Office (the inmate is also to provide copies of exhibits used at the prior level(s) of appeal). The inmate shall date and sign the Appeal and mail it to the appropriate Regional Director, if a Regional Appeal, or to the National Inmate Appeals Administrator, Office of General Counsel, if a Central Office Appeal (see 28 CFR part 503 for addresses of the Central Office and Regional Offices).

Although Frazier filed an informal resolution attempt and a BP-9 on his claim of property loss (Docs. 45, 50),[4] he did not follow up with regional and national appeals.[5] Therefore, Frazier did not exhaust his administrative remedies for purposes of this Bivens suit.

Since there are no genuine issues of material fact which would

---

[4] Defendants also provided an affidavit by Eric W. Hammonds, an attorney-advisor employed by the BOP who has access to the BOP's computerized inmate administrative remedy records (Doc. 45, Ex. B), to show Frazier has not exhausted his administrative remedies.

[5] Instead, since Frazier was seeking monetary damages, he appropriately exhausted his administrative remedies under the Federal Tort Claims Act.

8

preclude a summary judgment on this issue and Frazier has failed to exhaust his administrative remedies, defendants' motion for summary judgment should be granted on Frazier's property loss claim.

2.

To the extent Frazier's contention that defendants disposed of his legal documents alleges a claim of interference with his access to the courts, it is noted that Frazier has not alleged that the loss of those documents caused an actual injury to a pending lawsuit. Although interference with access to the courts may constitute the deprivation of a substantive constitutional right, <u>Jackson v. Procunier</u>, 789 F.2d 307, 310-11 (5th Cir. 1986), a plaintiff must demonstrate that his position as a litigant was prejudiced by his denial of access to the courts, <u>Eason v. Thaler</u>, 73 F.3d 1322, 1328 (5th Cir. 1996). See also, <u>Crowder v. Sinyard</u>, 884 F.2d 804, 811 (5th Cir. 1989), cert. den., 498 U.S. 924, 110 S.Ct. 2617 (1990). Since Frazier has neither alleged nor shown that any pending lawsuit has suffered due to confiscation of his legal documents, he has not stated a claim for denial of access to the courts.[6]

Also, as defendants point out, Frazier has not

---

[6] Defendants also contend Frazier improperly amended his complaint to add this claim. However, Frazier was ordered to amend his complaint to state a constitutional claim arising from the loss of his property (Doc. 26). Since Frazier was properly complying with the court's order, defendant's argument is meritless.

9

administratively exhausted this claim. Frazier's administrative remedy attempts have not included a claim of denial of access to the courts. Therefore, it is not properly before the court at this time.

Since there are no genuine issues of material fact which would preclude a summary judgment in favor of defendants on this issue and Frazier has not exhausted this claim, defendants' motion for summary judgment should be granted on the issue of denial of access to the courts.

3.

Finally, Frazier contends Captain Wingo destroyed his property in retaliation for Frazier for having successfully challenged the allegations in an earlier incident report issued by Captain Wingo's wife (Doc. 50). Frazier contends that, on March 30, 2009, after he was found not guilty of the violations alleged by Mrs. Wingo, Mrs. Wingo singled out Frazier's cell during a major institutional shakedown and illegally confiscated his personal photographs; the photos were returned to Frazier a few days later by Lieutenant Thomas (Doc. 50). Frazier contends those same photographs were again confiscated by Captain Wingo in the incident complained of herein. As proof of his allegations, Frazier submitted the incident report by Officer S. Wingo, dated March 19, 2009, which charged Frazier with refusing an order/conduct disruptive to security or the orderly running of the facility (Doc. 50, Ex. A).

The incident report further shows the disciplinary committee decided to expunge the report from Frazier's file (Doc. 50, Ex. B).

Retaliation for the exercise of a constitutional right is actionable, even if the act, when taken for different reasons, would have been proper. Woods v. Smith, 60 F.3d 1161, 1165(5th Cir. 1995), cert. den., ___U.S.___, 116 S.Ct. 800 (1996); Hale v. Townley, 19 F.3d 1068, 1074 (5th Cir. 1994). To state a retaliation claim, a claimant must allege both that the type of activity engaged in was protected under the constitution and that the state impermissibly infringed on this right to engage in the protected activity. Rizzo v. Dawson, 778 F.2d 527, 531 (10th Cir. 1985), citing Owens v. Rush, 654 F.2d 1370 (10th Cir. 1981). Also, Hale v. Townley, 19 F.3d 1068, 1072-73 (5th Cir. 1994); Crowley v. Sinyard, 884 F.2d 804, 812 n.9 (5th Cir. 1989), cert. den., 496 U.S. 924, 110 S.Ct. 2617 (1990). Retaliation for the exercise of a constitutional right is actionable, even if the act, when taken for different reasons, would have been proper. Hale, 19 F.3d at 1074. Also, Jackson v. Cain, 864 F.2d 1235, 1249 (5th Cir. 1989). Prison officials are prohibited from retaliating against inmates who complain of prison conditions or official misconduct. Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986), cert. den., 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). Also, Hale, 19 F.3d at 1073. The inmate must be prepared to establish that, but for the retaliatory motive, the complained of incident would not have

occurred. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. Woods, 60 F.3d at 1166.

Although Frazier may have stated a claim of retaliation, Frazier has not administratively exhausted that claim. Neither of Frazier's administrative grievance attempts included allegations of retaliation by Tony Wingo for Frazier's successful challenge of Officer S. Wingo's disciplinary report. Since Frazier has not administratively exhausted his retaliation claim, it is not properly before the court at this time, and defendants' motion for summary judgment should be granted on this issue.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion for summary judgment be GRANTED and that Frazier's Bivens action should be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of December, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE